UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CHRISHENDRAL C. DAVENPORT                    CIVIL ACTION NO.

VERSUS

STATE FARM INSURANCE                         23-1248-SDD-EWD

**NOTICE AND ORDER**

Before the Court is the Complaint, filed by Plaintiff Chrishendral C. Davenport ("Davenport"), who is representing herself and who is proceeding *in forma pauperis* ("IFP").[1] The Complaint's caption names "State Farm Insurance," but the Complaint also refers to "State Farm" and "State Farm Homeowner's Insurance," (the defendant will be referred to as "State Farm").[2] The Complaint was filed on a form document, and alleges that Davenport's property was damaged during Hurricane Ida, including her roof, surveillance system and television, for which she incurred expenses that were not reimbursed by State Farm. Davenport seeks relief in the amount of $9,000.[3]

The Complaint does not provide sufficient information regarding the basis for this Court's subject matter jurisdiction. Davenport is required to explain the grounds for filing in federal court because, unlike state district courts, which are courts of general jurisdiction that can hear all types of claims, federal courts can only hear those cases over which there is federal subject matter jurisdiction. Federal subject matter jurisdiction may generally be established in two ways. This Court has subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treatises of the United States."[4] This Court also has subject matter jurisdiction over civil actions where the amount in

---

[1] R. Docs. 1 and 7. Davenport has filed several other cases in this Court while proceeding IFP. *See, e.g., C. Davenport v. Baton Rouge Area Alcohol and Drug Center*, No. 14-467 (dismissed on summary judgment, which was unopposed by Davenport); *C. Davenport v. Zachary Manor, et al.*, No. 21-224 (Davenport failed to attend a hearing, and then the case was administratively closed due to Davenport's health, with a motion to re-open pending), *C. Davenport v. Baton Rouge Police Department*, No. 22-23 (stayed and administratively closed due to Davenport's health), and *C. Davenport v. US Marshal*, No. 22-24 (dismissed for failure to prosecute).
[2] R. Doc. 1, p. 1 (caption listing "State Farm Insurance"), *but see* p. 2 (identifying "State Farm Homeowner's Insurance" as the defendant) and p. 4 (identifying the citizenship of "State Farm").
[3] R. Doc. 1, p. 4.
[4] 28 U.S.C. § 1331.

controversy is more than $75,000.00, exclusive of interest and costs, and the parties are completely diverse (*i.e.*, all plaintiffs are citizens of a different state than all defendants).[5] The burden of establishing federal subject matter jurisdiction is on the party asserting it (here, Davenport).[6] A court may raise on its own at any time the issue of whether subject matter jurisdiction exists.[7]

In this case, subject matter jurisdiction based on a federal question does not appear to exist because Davenport has not alleged a violation of law under any federal statute. Rather, Davenport's claims appear to seek relief for breach of an insurance contract, claims that arise under state law. However, subject matter jurisdiction based on diversity of citizenship is also not likely to exist here because Davenport expressly seeks an amount far less than the required jurisdictional threshold of $75,000, exclusive of interest and costs.[8] Furthermore, while the form Complaint adequately alleges Davenport's Louisiana citizenship, it also alleges that "State Farm" is organized and has its principal place of business in Louisiana. As currently alleged, the parties are also not diverse.[9] That said, it is unclear (1) which State Farm entity Plaintiff intends to name as a defendant and (2) whether Davenport's citizenship allegations as to State Farm are accurate, as several State Farm entities have been parties to proceedings in this Court and their citizenships are generally not alleged to include a Louisiana place of incorporation or Louisiana principal place of business.

Considering that Davenport is representing himself, she will be given an opportunity to file an amended Complaint that adequately alleges a basis for the Court's subject matter jurisdiction,

---

[5] 28 U.S.C. § 1332.
[6] *Willoughby v. United States ex rel. Dept. of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).
[7] *McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005).
[8] Davenport did not complete the section of the form requesting details regarding how the amount in controversy in this case will exceed $75,000, exclusive of interest and costs. R. Doc. 1, p. 4.
[9] "For diversity purposes [for individuals], citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted). "For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *White v. I.N.S.*, 75 F.3d 213, 215 (5th Cir. 1996), citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, (1989). "A corporation is a citizen of its place of incorporation and its principal place of business," and both must be properly alleged. 28 U.S.C. § 1332(c). *See also Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation."). Finally, "the citizenship of a limited liability company is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Therefore, the identity and citizenship of each member of an LLC must be pleaded.

2

specifically including the full legal name of the correct State Farm entity, the citizenship of the parties, and facts that support an amount in controversy that exceeds $75,000, exclusive of interest and costs. Alternatively, instead of filing an amended Complaint, Davenport may voluntarily dismiss her Complaint by filing a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A), which should simply state that she wants to voluntarily dismiss her Complaint, and which would result in the dismissal of her Complaint without prejudice. That kind of dismissal would not act as an automatic bar to Davenport's ability to file her claims in another court, such as a state court, which is a court of general jurisdiction.[10]

While the pleadings of individuals who are representing themselves are liberally construed,[11] Davenport is reminded that, even though she is not an attorney, she is still required to comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Court's Administrative Procedures for Electronic Filing regarding the form and content of federal pleadings.[12]

A court may raise on its own at any time the issue of whether subject matter jurisdiction exists.[13] If Davenport cannot establish subject matter jurisdiction, the suit must be dismissed.

---

[10] This should not be construed as a determination that Davenport has a colorable claim or that she would necessarily be permitted to bring this claim in another court.

[11] *Coleman v. United States,* 912 F.3d 824, 828 (5th Cir. 2019) ("The filings of a *pro se* litigant are 'to be liberally construed,' ... and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]' *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nonetheless, '*pro se* litigants, like all other parties, must abide by the Federal Rules of Appellate Procedure.' *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). In addition, 'pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level.' *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).").

[12] *See* Fed. R. Civ. P. 8, 10-11, which are available online and likely at public libraries, and Local Rules 5, 7, 10, and 11, which may be found on the Court's website at https://www.lamd.uscourts.gov/court-info/local-rules-and-orders ("Middle District of Louisiana--Local Rules"). The Court's Administrative Filing Procedures can also be found on the Court's website.

[13] *McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005). *See Cephus v. Texas Health & Hum. Servs. Comm'n,* 146 F. Supp. 3d 818, 825 (S.D. Tex. Nov. 19, 2015) ("A court may *sua sponte* raise a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction at any time. *Westland Oil Development Corp. v. Summit Transp. Co.*, 481 F.Supp. 15 (S.D. Tex. 1979), *aff'd*, 614 F.2d 768 (1980). Fed. Rule of Civil Procedure 12(h)(3) states, 'If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.' *See Kidd v. Southwest Airlines Co.*, 891 F.2d 540, 545 (5th Cir.1990) ('[F]ederal courts must address jurisdictional questions *sua sponte* when the parties' briefs do not bring the issue to the court's attention.')....").

Accordingly:

**IT IS ORDERED** that, by no later than **November 30, 2023**, Plaintiff Chrishendral C. Davenport shall file a comprehensive amended Complaint, that sufficiently alleges a basis for this Court's subject matter jurisdiction. A copy of the Complaint form is attached. **Alternatively,** instead of filing an amended Complaint, Davenport may voluntarily dismiss her Complaint by filing a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A), which should state that she wants to voluntarily dismiss her Complaint, and which would result in the dismissal of her Complaint in this Court without prejudice.

**IT IS FURTHER ORDERED** that if Chrishendral C. Davenport files an amended Complaint, it must comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Court's Administrative Procedures for Electronic Filing.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail this Order to Plaintiff Chrishendral C. Davenport via regular mail and certified mail, return receipt requested, at her address listed on PACER.

**Failure to timely respond as ordered will result in dismissal of Plaintiff Chrishendral C. Davenport's claims in this matter without further notice.**

Signed in Baton Rouge, Louisiana, on November 1, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**